Justice Kennedy,
with whom Justice Sotomayor joins, concurring in part and concurring in the judgment.
The Court is correct, in my view, to conclude that we may not “add provisions to a federal statute.” Ante, at 352. Plaintiffs do not request as much, however, in contending that North Carolina was required by the Southeast Interstate Low-Level Radioactive Waste Management Compact (Compact) to carry out its obligations in good faith. Rather, plaintiffs’ argument is that the Compact’s terms, properly construed, speak not only to the specific duties imposed upon the parties but also to the manner in which those duties must be carried out. This is an interpretive argument familiar to contract disputes. See, e. g., Restatement (Second) of Contracts § 205 (1979) (hereinafter Restatement).
As the opinion for the Court notes, congressional consent to an interstate compact gives it the status of a federal statute. See ante, at 351. This is an apt and proper way to indicate that a compact has all the dignity of an Act of Con *359 gress. And that is surely what was meant in New Jersey v. New York, 523 U. S. 767, 811 (1998), where it was stated that the Court may not “ ‘order relief inconsistent with [the] express terms’ ” of a compact. Ante, at 352 (quoting New Jersey; alteration in original; some internal quotation marks omitted); see also Cuyler v. Adams, 449 U. S. 433, 438 (1981) (“[Congressional consent transforms an interstate compact ... into a law of the United States”).
From this principle, however, it simply does not follow that a law’s nature and origin as a compact must be dismissed as irrelevant. Like a treaty, a compact represents an agreement between parties. See New Jersey, supra, at 831 (Scalia, J., dissenting) (“[T]he Compact here is of course a treaty”). The Court’s duty in interpreting a compact involves ascertaining the intent of the parties. See Sullivan v. Kidd, 254 U. S. 433, 439 (1921) (“[T]reaties are to be interpreted upon the principles which govern the interpretation of contracts... with a view to making effective the purposes of the high contracting parties”); Wright v. Henkel, 190 U. S. 40, 57 (1903) (“Treaties must receive a fair interpretation, according to the intention of the contracting parties”). Carrying out this duty may lead the Court to consult sources that might differ from those normally reviewed when an ordinary federal statute is at issue. That much is surely implicit in the Court’s reference to contract law principles elsewhere in its opinion in the instant case. See, e. g., ante, at 346 (“[T]he parties’ course of performance under the Compact is highly significant”); ibid, (citing the Restatement); ante, at 350 (same); see also New Jersey, supra, at 830-831 (Scalia, J., dissenting) (construing a compact in light of “hornbook contracts law that the practical construction of an ambiguous agreement revealed by later conduct of the parties is good indication of its meaning”).
That said, it is quite correct to hold here that the reasonable expectations of the contracting States, as manifested in the Compact, do not reveal an intent to limit North Caroli *360 na’s power of withdrawal. For purposes of rejecting this argument, it is sufficient to note — as the Court does — that the Compact permits any State to withdraw; imposes no limitation on this right; and explicitly provides that the Compact shall not be construed to abridge the sovereign rights of any party State. See ante, at 352. Federalism concerns also counsel reluctance to find that a State has implicitly restricted its sovereignty in such a manner.
The Court is therefore correct to reject plaintiffs’ final exception. With these observations, I join the Court’s opinion with the exception of Part II-E.